HERMAN T. DIETRICK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9730. Promulgated May 13, 1927.

Acquisition of certain shares of stock in a corporation held to be a gift and not compensation for services rendered.

*George E. H. Goodner, Esq.*, for the petitioner.
*Granville S. Borden, Esq.*, for the respondent.

This proceeding is for the redetermination of a deficiency for the year 1920 in the amount of $2,647.20, due to the Commissioner's including in the gross income of petitioner $21,600, as the value of 216 shares of stock of the Seaboard & Inland Oil Corporation alleged to have been acquired by petitioner in August, 1920, as compensation for services.

#### FINDINGS OF FACT.

The petitioner is a resident of Philadelphia, Pa. Prior to August 1, 1920, the petitioner was employed by the Texas Oil Co. and had supervision of sales and establishing distributors in a territorial division known as the Philadelphia Division, which included the cities of Bloomsburg and Williamsport, Pa.

In June, 1919, the petitioner met one Arthur H. Bruner, who had recently been employed by an oil company other than the Texas Oil Co. Arthur H. Bruner was seeking work as an oil salesman and in an interview the petitioner suggested that he, Arthur H. Bruner, go into business for himself. The suggestion was followed and A. H. Bruner & Co. was organized in 1919, with place of business at Bloomsburg, Pa., John W. Bruner, father of Arthur H. Bruner, being his financial backer, and by the summer of 1920 A. H. Bruner & Co. had developed all the available business around Bloomsburg and were contemplating expanding the business. At this time peti-

tioner advised Arthur H. Bruner of a going business in Williamsport which was for sale by one Dudley T. Stewart. After this informa-. tion was received from petitioner, John W. Bruner contracted to purchase and did purchase the said Williamsport filling station from Stewart for a total consideration of $65,000, making an initial payment to Stewart of $5,000. After John W. Bruner had contracted to purchase the Williamsport plant, the Seaboard & Inland Oil Corporation was organized by Arthur H. Bruner and his father, John W. Bruner, they receiving some suggestions and assistance from petitioner in connection therewith. The Williamsport plant was taken over by the Bruners at a valuation of $65,000 and the Bloomsburg plant at a valuation of $25,000, with a piece of real estate at $5,000, making in all $95,000. The proposition to the Seaboard & Inland Oil Corporation was that it take the properties mentioned, allowing the Bruners $110,000 in cash and notes and $75,000 of its stock at par, which proposition was accepted. The petitioner did not contribute any part of the assets, either money or property, turned into the Seaboard & Inland Oil Corporation. He manifested only a friendly interest in the undertaking of the Bruners. They had an attorney to represent them in the matter of organization, etc.

Shortly after the organization, about August 1, 1920, the Seaboard & Inland Oil Corporation issued to petitioner 216 shares of the total of 750 shares of stock that were to be issued as promotion stock to the Bruners, in accordance with the original agreement of sale of properties by John W. Bruner.

OPINION.

LITTLETON: In the opinion of the Board, the evidence in this case shows quite clearly that the acquisition of the 216 shares of stock by the petitioner was a gift and not compensation for services rendered.

The Commissioner relies on the case of *Noel v. Parrott* (C. C. A., Fourth Circuit), 15 Fed. (2d) 669, sustaining the United States Board of Tax Appeals in the *Appeal of John H. Parrott*, 1 B. T. A. 1, and also in the *Appeal of Ira A. Kip, Jr.*, 3 B. T. A. 50, but in the opinion of the Board the facts in these cases are not similar to those in the instant case. The facts of the instant case do not bring it within the principle or rule laid down in the cases cited by the Commissioner.

There was never any charge made by petitioner for any information or counsel he gave or any service he rendered the Bruners or either of them, nor was there any promise made or any assurance, express or implied, given him that he would be paid or compensated for what he did for them. The 216 shares of stock issued to petitioner were an absolute gift, which was made or prompted by the feeling of moral obligation and high sense of appreciation on John

W. Bruner's part, for the kind and valuable services rendered him and his son by a genuine friend.

The fact that petitioner's friendship, suggestions, and services were beneficial to the Bruners does not convert what was clearly a *bona fide* gift to petitioner into compensation for such services so as to make the amount of the gift income, taxable under the statute.

The 216 shares of stock received by petitioner being an absolute gift, it is immaterial what, if any, market value they had when received by petitioner.

The Commissioner was in error in holding that the 216 shares of stock received by petitioner were given him as compensation for services rendered and the deficiency so determined by the Commissioner is accordingly disallowed.

*Judgment will be entered on 15 days' notice, under Rule 50.*